# IN THE COURT OF APPEALS OF IOWA

No. 24-1639
Filed December 3, 2025

**MARK ALLAN BITZAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Monona County, Tod Deck, Judge.


    A postconviction-relief applicant appeals the dismissal of his application.

**AFFIRMED.**


    Austin Jungblut of Parrish Kruidenier, L.L.P., Des Moines, for appellant.

    Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.


    Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

A jury convicted Mark Bitzan of first-degree kidnapping in 2012. This court upheld his conviction on direct appeal, *State v. Bitzan*, No. 12-0551, 2013 WL 3273813 (Iowa Ct. App. June 26, 2013), and procedendo issued in September 2013.

Bitzan applied for postconviction-relief (PCR) in 2014. The district court denied his application, and this court affirmed. *Bitzan v. State*, No. 16-1943, 2018 WL 348092 (Iowa Ct. App. Jan 10, 2018).

In 2024, Bitzan brought the instant action, applying for PCR again. This time the State moved to dismiss Bitzan's application as time-barred under Iowa Code section 822.3 (2024). The district court granted the motion. Bitzan appeals.

Section 822.3 requires most PCR claims to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." But there are exceptions for claims based on "ground[s] of fact or law that could not have been raised within the" three-year period. Iowa Code § 822.3. The three-year "limitation does not apply" to those claims. *Id.*

Bitzan argues that two of his claims are not barred by section 822.3 because the new-ground-of-fact exception applies to them. Those claims are that (1) he recently discovered his friend would not testify at trial because his friend was purportedly intimidated by law enforcement and (2) he learned that the victim had been to a counselor around the time of the underlying events that gave rise to Bitzan's conviction.

To benefit from the new-ground-of-fact exception, Bitzan must show he "could not have raised the ground of fact within the limitations period." *See Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018). "The onus is on" Bitzan "to make this showing." *Id.* But Bitzan's PCR application does not allege any facts or provide any explanation as to why he could not have learned of the underlying facts of his claims within the three-year limitation period. And his appellate brief does not identify any place in his PCR application where he alleges any such facts or provides any such explanation. As a result, the district court correctly concluded that the new-ground-of-fact exception does not apply to either claim. Bitzan's application is time-barred by section 822.3.

**AFFIRMED.**